## Commonwealth v. Tallon

*Francis A. Searer,* District Attorney, for plaintiff.

*Larry F. Knepp* and *Richard M. Mohler,* Public Defender, for defendant.

ZIEGLER, P. J., February 22, 1974.—Defendant is charged with murder to the above number and with robbery to criminal action no. 5 of 1974. He has made application for the production of a list of all witnesses whom the Commonwealth anticipates calling at trial. Commonwealth v. Runkle, 50 D. & C. 2d 205 (1970), is the only Pennsylvania case which we have found ruling upon the propriety of such an application. There, defendant was also charged with murder. Relying, inter alia, on Lewis v. Lebanon Court of

Common Pleas, 436 Pa. 296, 260 A. 2d 184 (1969), Judge McDonald held that in a capital case defendant should be informed of the names and addresses of witnesses whom the Commonwealth intended to call. In Lewis, the trial court, in a homicide prosecution, ordered that defense counsel be allowed to discuss his testimony with a designated Commonwealth witness and enjoined the district attorney from prohibiting such discussion. The district attorney petitioned the Supreme Court for a writ of prohibition to prevent the trial court from enforcing its order. In discharging the rule to show cause why writ of prohibition should not issue, the Supreme Court commented that its holding was intended to prevent the prosecuting attorney from interfering with interrogation of Commonwealth witnesses by defense counsel in preparation for trial. In reasoning its holding, the court remarked:

"We are aware of no authority in the law which gives the district attorney the right, in general, to deny defense counsel access to the Commonwealth's witnesses."

We agree with Runkle, in concluding therefrom, that refusal of the prosecuting attorney to disclose the identity of witnesses known to him would be tantamount to his prohibition of discussion between defense counsel and designated Commonwealth witnesses. Therefore, we regard the former as violative of Lewis as the latter and make the following

## ORDER

Now, February 22, 1974, the district attorney is ordered to produce a list of all witnesses whom the Commonwealth anticipates calling at trial. Exception is noted to Francis A. Searer, Esq., District Attorney.

---

NOTE: Opinion in Commonwealth v. Gay, 61 D. & C. 2d 414 (1972), was circulated after the foregoing opinion.